## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| **Suzlon Wind Energy Corp,** | Bankruptcy No. 21-07923 |
| Debtor. | Honorable Judge Cox |

### NOTICE OF MOTION

TO: See attached list

**PLEASE TAKE NOTICE** that on Tuesday, September 7, 2021, at 1:00 p.m., I will appear before the Honorable Jacqueline P. Cox, or any judge sitting in that judge's place, and present the **Motion of Ariane Holtschlag, Trustee for the estate of Suzlon Wind Energy Corp, to Approve Settlement with Northwest Logistics Park Portfolio Investors, LLC**, **and to Shorten Notice, and to Limit Notice**, a copy of which is attached.

**This motion will be presented and heard electronically using Zoom for Government.** No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

**To appear by video**, use this link: https://www.zoomgov.com/. Then enter the meeting ID and password.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

**Meeting ID and password.** The meeting ID for this hearing is 161 273 2896 and the password is 778135. The meeting ID and password can also be found on the judge's page on the court's web site.

If you object to this motion and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

{00204462 2}

**Ariane Holtschlag**, not
individually, but as Trustee for the
estate of Suzlon Wind Energy Corp,

By: */s/ Justin Storer*
One of Her Attorneys

Ariane Holtschlag (6294327)
Justin R. Storer (6293889)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel:      (312) 373-7226
Fax:      (847) 574-8233
Email:  jstorer@wfactorlaw.com

{00204462 2}

## CERTIFICATE OF SERVICE

I, Justin Storer, an attorney, hereby certify that on August 24, 2021, pursuant to Section II.B.4 of the Administrative Procedures for the Case Management/Electronic Case Filing System and Fed.R.Civ.P. 5(a), I caused a copy of the foregoing *Notice of Motion* and the accompanying *Motion* to be served electronically through the Court's Electronic Notice for Registrants on all persons identified as Registrants on the below Service List and by U.S. mail on all other persons identified on the attached Service List.

*/s/ Justin Storer*

## SERVICE LIST

**Registrants in the Case**
(Service via ECF)

| | |
|---|---|
| **Kenneth W Bach** | kennethb@johnsonblumberg.com |
| **Roger S Cox** | roger.cox@uwlaw.com |
| **Timothy R Herman** | therman@clarkhill.com |
| **Ariane Holtschlag** | aholtschlag@wfactorlaw.com |
| **Nicholas W Laird** | nick.laird@bfkn.com |
| **Gerald B. Lurie** | glurie@chenlaw-firm.com |
| **Nathan Q. Rugg** | Nathan.Rugg@bfkn.com |
| **David J Schwab** | djschwab@rsslawoffices.com |
| **Gregory K Stern** | greg@gregstern.com |

**Non-registrants in the Case**
(Service via first-class mail)

Ian Landsberg
SKLAR KIRSH, LLP
1880 Century Park East, Suite 300
Los Angeles, California 90067

Suzlon Wind Energy Corp
8750 W. Bryn Mawr Ave
Unit 720
Chicago, IL 60631

ExxonMobil Oil Corp
800 Bell Street
Houston, TX 77002

Fastenal NA
2001 Theurer Blvd.
Winona MN 55987

{00204462 2}

Missouri Department of Revenue
PO Box 475
Jefferson City, MO 65105

Norlen, Inc.
PO Box 200
Schofield, WI 54476-0200

HYG Financial Services, Inc.
c/o Wells Fargo Vendor Financial
Services
Attn: Lisa Boddicker
1010 Thomas Edison Blvd SW
Cedar Rapids, IA 52404

Sioux Valley Energy
Po Box 216
Colman, SD 57017-0216

Hartley County Appraisal District
D'Layne Carter
P.O. Box 9132
Amarillo, TX 79105

Ripley Transportation Company,
Inc.
102 N Gorman Ave
Litchfield, MN 55355

Torgerson Farms Partnership
PO Box 274 23 Marias Avenue
Ethridge, MT 59435

Steiner Electric Company
Timothy R. Herman
Clark Hill PLC
130 E. Randolph Street, Suite 3900
Chicago, Illinois 60601-7553

Moore County and entities collected
by Moore count
D'Layne Carter
P.O. Box 9132
Amarillo, TX 79105

Borsheim Crane Service, LLC
133 Main Avenue West
West Fargo, ND 58078

Enterprise Fleet Management
PO Box 800089
Kansas City, MO 64180-0089

Exim Bank – London Branch
5th Floor, 35 King Street
London EC2V8BB
United Kingdom

HYG Financial Services Inc.
800 Walnut Street
Des Moines, IA 50309

TP Chicago LLC
40 Morris Ave, Suite 230
Bryn Mawr, PA 19010

Altura Wind Services LLC
Grzymala Law Offices, P.C.
10024 Skokie Blvd., Suite 323
Skokie, IL 60077

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| **Suzlon Wind Energy Corp,** | Bankruptcy No. 21-07923 |
| Debtor. | Honorable Judge Cox |

### MOTION TO APPROVE SETTLEMENT WITH NORTHWEST LOGISTICS PARK PORTFOLIO INVESTORS, LLC, AND TO SHORTEN NOTICE, AND TO LIMIT NOTICE

Ariane Holtschlag, not individually but in her capacity as the trustee (the "***Trustee***") for the bankruptcy estate (the "***Estate***") of Suzlon Wind Energy Corp (the "***Debtor***"), respectfully requests that the Court enter an order pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure approving the settlement reached between the Trustee and Northwest Logistics Park Portfolio Investors, LLC, ("***Northwest***," and collectively with the Trustee, the "***Parties***"), resolving their mutual claims against one another.

Northwest is landlord for certain warehouse space occupied, prepetition, by the Debtor. The Trustee is in the midst of vacating the premises, and the Trustee and Northwest have negotiated an arrangement, detailed more fully herein, to provide for the Trustee's rejection of the lease and – upon the Trustee's satisfying certain conditions – reducing Northwest's postpetition claim of $1,411.73 per day since the June 29, 2021 commencement of this case.

For the benefit of all creditors of the estate, the Trustee now seeks approval of a settlement between the Parties. A copy of the settlement is attached to this Motion as exhibit A.

Finally, that the Settlement may be effectuated expeditiously, the Trustee presents this Motion on fourteen days' notice, and requests that

notice of this motion be limited, and requests that the Court find such notice just and proper given the circumstances.

In support of this motion, the Trustee respectfully states as follows:

## JURISDICTION

1.   This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois.

2.   Venue of the above-captioned case (the "*Case*") and of this motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.   This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

## BACKGROUND

4.   The above-captioned bankruptcy case (the "*Case*") was commenced on June 29, 2021 (the "*Petition Date*"), when the Debtor filed a voluntary petition for relief under Chapter 7 of title 11, United States Code (11 U.S.C. §§ 101, *et seq.* (the "*Bankruptcy Code*")), in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division.

5.   The Trustee was appointed as the interim trustee in the Case pursuant 11 U.S.C. § 701 and now serves as the permanent trustee in the Case. The Trustee is duly qualified and has all the powers of a trustee under, among other provisions, 11 U.S.C. § 704.

6.   On or about August 11, 2010, Suzlon Wind Energy Corp entered into a lease agreement with Northwest X LLC, an Illinois Limited Liability Company, Towne Realty Co., a Wisconsin General Partnership, Towne Realty Inc., a Wisconsin corporation, and Lakeview IX LLC, a Wisconsin Limited Liability, as tenants in common, in which those entities would lease to SWECO a portion of the building commonly known as 2583-2587 Technology Drive, Elgin, IL 60124.

7.     Northwest is the successor landlord under the Lease.

8.     Pursuant to the Lease, Northwest had set off a security deposit it was holding, against a prepetition arrearage in the rent. As of the petition date, after the application of that security deposit, Northwest holds a general unsecured claim in the approximate amount of $301,772.94.

9.     The Debtor used the Premises for warehousing.

10.     Pursuant to earlier order of this court, the Trustee, and her auctioneer, Tom Mowery of American Auctions, Inc., is in the process of selling the contents of the warehouse, and though the final sales ledger and the Trustee's report of sale remains pending, it can be expected to generate a significant recovery for the estate. The Trustee is also backing-up computer servers for their eventual disposal, and addressing other matters with respect to the Premises.

11.     Since the petition date, the Trustee and Northwest have been endeavoring to seek resolution of their issues, which resolution would limit Northwest's claim against the estate, and enable Northwest to re-let the Premises as expeditiously as possible.

12.     After consultation with their counsel of choice, the Parties have drafted the Settlement. The full Settlement Agreement is incorporated herein, and is only summarized by this Motion:

13.     The Settlement provides that, by the proposed order granting this Motion, the Trustee shall reject the Lease.

14.     The Settlement provides that Northwest shall file or amend its claim within 60 days after the entry of the order granting this motion, to reflect its rejection claim and its prepetition claim.

15.     The Settlement provides that post-petition occupancy for the Premises, under the lease, is set at $1,411.73 per day, but provides for reduction of 75% of this figure if the personal property remaining at the facility, that the Trustee has auctioned, is removed by August 31, 2021. If

personal property remaining at the facility, that the Trustee has auctioned, is removed by September 10, 2021, the reduction shall be 25%.

16.   The Settlement provides for a 75% reduction in Northwest's priority administrative claim if the estate surrenders possession by September 10, 2021, with all personal property removed, and in broom-swept condition.

17.   The Settlement provides for mutual releases, except as allowed therein.

18.   All remaining unauctioned or unremoved property will be deemed abandoned and the automatic stay under section 362 of the Bankruptcy Code shall be modified to allow for Northwest's disposition of all personal property remaining at the Premises at Northwest's sole discretion without notice to any party.

## DISCUSSION

19.   A trustee may settle or compromise a dispute with bankruptcy court approval. Fed. R. Bankr. P. 9019.

20.   "A bankruptcy court may approve a settlement agreement only if it is in the best interest of the bankruptcy estate." *In re Holly Marine Towing, Inc.*, 669 F.3d 796, 801 (7th Cir. 2012). "The linchpin of the 'best interests of the estate' test is a comparison of the value of the settlement with the probable costs and benefits of litigating." *In re Doctors Hosp. of Hyde Park, Inc.*, 474 F.3d 421, 426 (7th Cir. 2007) (*citing In re Energy Coop.*, 886 F.2d 921, 927 (7th Cir. 1989)). "Among the factors the court considers are the litigation's probability of success, complexity, expense, inconvenience, and delay, 'including the possibility that disapproving the settlement will cause wasting of assets.'" *Id.* (*quoting LaSalle Nat'l Bank v. Holland (In re Am. Reserve Corp.*), 841 F.2d 159, 161 (7th Cir. 1987)).

21.   "As part of this test, the value of the settlement must be reasonably equivalent to the value of the claims surrendered. This reasonable equivalence standard is met if the settlement falls within the

reasonable range of possible litigation outcomes. Because litigation outcomes cannot be predicted with mathematical precision, only if a settlement falls below the low end of possible litigation outcomes will it fail the reasonable equivalence standard." *Id.* (citations omitted); *accord In re Telesphere Commc'ns, Inc.*, 179 B.R. 544, 553 (Bank. N.D. Ill. 1994). This determination should be weighted in favor of settlement, and a challenged settlement will fail the test only if it falls below the lowest point in the range of reasonableness. *Telesphere*, 179 B.R. at 553.

22.    Here, the Settlement meets the above-cited standards for judicial approval and comports with the public policy considerations favoring settlements generally by saving the Estate the expense and uncertainty of further proceedings and the terms of the Settlement are within the range of possible litigation outcomes.

23.    The Trustee further submits that the proposed Settlement is the product of good faith, arms' length negotiations between the Trustee and Northwest, is fair and equitable, and is mutually satisfactory to the parties.

24.    For these reasons, the Trustee respectfully submits that the proposed Settlement is in the best interests of the Estate.

## REQUEST TO SHORTEN NOTICE, REQUEST TO LIMIT NOTICE

25.    At least fourteen days' notice of this motion has been given to: (i) the Office of the United States Trustee; (ii) the Debtor; (iii) the Debtor's counsel; (iv) Northwest, through its counsel, (v) any person that has requested notice in the case or that receives notices through the ECF System with respect to the Case, (vi) all creditors with proofs of claim or other pleadings on file as of August 19, 2021, except when represented by counsel who is already designated to receive notices through the ECF System, (vii), all creditors designated as secured or priority unsecured creditors on the Debtor's schedules, and (viii) any creditor known to have an interest in property on the Premises.

26.    While ordinarily Federal Rule of Bankruptcy Procedure 2002(a)(3) requires 21 days' notice be given all creditors concerning the

proposed hearing on approval of a settlement, it allows that the Court may, for cause shown, direct that notice not to be sent.

27.    The Trustee submits that this notice is satisfactory and should be found agreeable, and that cause to shorten and limit notice is found here.

28.    The Trustee's prompt rejection of the Lease, and concomitant turnover of the Premises, is a lynchpin of the Settlement, and is necessary to prevent further accrual of claims on the part of Northwest.

29.    "The nature of the compromise or settlement being presented and its importance to the estate, along with the need for expedition, will determine the notice which will have to be given in any particular case." 10 L. King, *Collier on Bankruptcy*, 9019.02 at 9019-3 (15th ed. Rev. 2001).

30.    In *Goldstein v. Patel (In re: Patel)*, 43 B.R. 500 (N.D.Ill. 1984) the district court affirmed a judgment of the bankruptcy court, finding that notice was limited for good cause when the trustee needed to act quickly in order to retain control over certain property of the estate without litigation and with the possibility of adding to the estate's assets. *Id.* at 504, *cited at In re Szabo Contracting, Inc.*, 283 B.R. 242, 252 (Bankr. N.D.Ill. 2002, Squires, J.). The Trustee submits that equivalent considerations, the reduction of a priority claim against the estate, are satisfied here.

31.    Additionally, there are approximately 300 notice recipients on this case, all over the world, to require notice to go to every creditor listed would constitute an undue and unnecessary burden upon the Trustee and expense to the Debtor's estate. *Id.* at 253.

**WHEREFORE**, the Trustee respectfully requests that the Court enter an order 1) approving the Settlement on the terms outlined herein; 2) memorializing the trustee's rejection of the Lease, 3) authorizing the Trustee to take such steps as are necessary to effectuate the Settlement, including but not limited to signing a release; and 4) granting such other and further relief as this Court may deem just and appropriate.

Dated: August 24, 2021

**Ariane Holtschlag**, not individually, but as Trustee for the estate of Suzlon Wind Energy Corp,

By: */s/ Justin Storer*
One of Her Attorneys

Ariane Holtschlag (6294327)
Justin R. Storer (6293889)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel:        (312) 373-7226
Fax:        (847) 574-8233
Email:      jstorer@wfactorlaw.com