**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| **Suzlon Wind Energy Corp.,** | Bankruptcy No. 21-07923 |
| Debtor. | Honorable Jacqueline P. Cox |

**COVER SHEET FOR FIRST INTERIM APPLICATION OF**
**FACTORLAW FOR COMPENSATION AND**
**REIMBURSEMENT OF EXPENSES**

| | |
|---|---|
| Name of Applicant: | Law Offices of William J. Factor, Ltd. |
| Authorized to Provide Professional Services to: | Ariane Holtschlag, Chapter 7 Trustee for the estate of Suzlon Wind Energy Corp. |
| Period for Which Compensation is Sought: | June 30, 2021 – April 30, 2022 |
| Amount of Fees Sought: | $55,907.50 |
| Amount of Expense Reimbursement Sought: | $3,682.68 |
| This is a: | First Application |

The aggregate amount of fees and expenses *paid* to the Applicant to date for services rendered and expenses incurred herein is: $0.00.

Dated: May 18, 2022

**THE LAW OFFICES OF**
**WILLIAM J. FACTOR, LTD.**

By: */s/ Justin R. Storer*

{00213067 2}

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| **Suzlon Wind Energy Corp.,** | Bankruptcy No. 21-07923 |
| Debtor. | Honorable Jacqueline P. Cox |

## NOTICE OF APPLICATION

**Please take notice** that on **Tuesday, June 14, 2022, at 1:00 p.m.** or as soon thereafter as counsel may be heard, the undersigned attorneys shall appear before the Honorable Jacqueline P. Cox, or any judge sitting in his place and stead, and shall then and there present FactorLaw's ***First Interim Application for Compensation and Reimbursement of Expenses***, a copy of which is attached hereto and herewith served upon you.

This motion will be presented and heard electronically using Zoom for Government. No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

**To appear by video,** use this link: https://www.zoomgov.com/. Then enter the meeting ID and password.

**To appear by telephone,** call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

**Meeting ID and password.** The meeting ID for this hearing is 161 273 2896 and the password is 778135. The meeting ID and password can also be found on the judge's page on the court's web site.

**If you object to this motion and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.**

Dated: May 18, 2022                                    **FactorLaw**

                                                                        By: */s/ Justin R. Storer*
                                                                        One of its attorneys

William J. Factor (6205675)
Justin R. Storer (6293889)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel:     (312) 373-7226
Fax:     (847) 574-8233
Email:  jstorer@wfactorlaw.com

## CERTIFICATE OF SERVICE

I, Justin R. Storer, an attorney, hereby certify that on May 18, 2022, pursuant to Section II.B.4 of the Administrative Procedures for the Case Management/Electronic Case Filing System and Fed.R.Civ.P. 5(a), I caused a copy of the foregoing *Notice of Application* and the accompanying *First Interim Application for Compensation and Reimbursement of Expenses* to be served electronically through the Court's Electronic Notice for Registrants on all persons identified as Registrants on the Service List below and by US Mail on all persons identified on the attached service list.

/s/ Justin R. Storer

**Registrants**
(Service via ECF)

| | |
|---|---|
| **Kenneth W Bach** | kennethb@johnsonblumberg.com |
| **Roger S Cox** | roger.cox@uwlaw.com |
| **Timothy R Herman** | therman@clarkhill.com |
| **Ariane Holtschlag** | aholtschlag@wfactorlaw.com |
| **Nicholas W Laird** | nick.laird@bfkn.com |
| **Gerald B. Lurie** | glurie@chenlaw-firm.com |
| **Nathan Q. Rugg** | Nathan.Rugg@bfkn.com |
| **David J Schwab** | djschwab@rsslawoffices.com |
| **Gregory K Stern** | greg@gregstern.com |

**Non-registrants in the Case**
(Service via first-class mail)

Ian Landsberg
SKLAR KIRSH, LLP
1880 Century Park East, Suite 300
Los Angeles, California 90067

*See attached service list.*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| **Suzlon Wind Energy Corp.,** | Bankruptcy No. 21-07923 |
| Debtor. | Honorable Jacqueline P. Cox |

**FACTORLAW'S FIRST INITERIM APPLICATION FOR**
**COMPENSATION AND REIMBURSEMENT OF EXPENSES**

Justin Storer, and the Law Office of William J. Factor, Ltd., (collectively "**FactorLaw**"), counsel for Ariane Holtschlag, not individually but as the chapter 7 trustee (the "**Trustee**") of the bankruptcy estate (the "**Estate**") of Suzlon Wind Energy Corp., (the "**Debtor**"), hereby submits their first interim application (the "**Application**") pursuant to 11 U.S.C. §§ 330, 331 and 507(a)(1) seeking compensation of **$55,907.50** for legal services performed by FactorLaw during the period of June 30, 2021 through April 30, 2022 (the "**Application Period**") and **$3,682.68** in expenses incurred in connection with those services. In support of its Application, FactorLaw states as follows:

**JURISDICTION**

1. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois.

2. Venue of the above-captioned case (the "*Case*") and of this motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(1) and (b)(2)(A).

## BACKGROUND

**The Bankruptcy Case.**

4. On June 29, 2021 (the "***Petition Date***"), the Debtor filed a voluntary petition for relief under Chapter 7 of title 11, United States Code (11 U.S.C. §§ 101, et seq. (the "***Bankruptcy Code***")), in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division commencing the above referenced case (the "***Case***").

5. Ariane Holtschlag was appointed as the interim trustee in the Case pursuant 11 U.S.C. § 701 and now serves as the permanent trustee in the Case. The Trustee is duly qualified and has all the powers of a trustee under, among other provisions, 11 U.S.C. § 704.

6. The Court approved the Trustee's retention of FactorLaw on July 20, 2021, retroactive to June 30, 2021.

7. During the application period, the Trustee has focused her efforts primarily, through not exclusively, on realizing value for the bankruptcy estate by liquidating the contents of a warehouse in Elgin, Illinois and a horse barn in Texas County, Oklahoma, selling the contents of the Debtor's Chicago, Illinois office to its now-former landlord, resolving postpetition administrative claims, and commencing limited collection of the Debtor's receivables.

**Auction of the Elgin Warehouse**

8. On July 20, 2021, this Court entered the Trustee's proposed order authorizing the employment of Tom Mowery, and the professionals at Health Auction d/b/a American Auction, as the trustee's auctioneer.

9. On August 10, 2021, this Court entered the Trustee's proposed order granting in part, and continuing in part, her request for authority to sell, pursuant to 11 U.S.C. 363(b) and (f), substantially all estate property.

10. This request was continued in part because objections were raised by two entities that held unscheduled property of the bankruptcy estate. After collaboration, a further order was entered on August 24, 2021, concluding the request to sell estate property.

11. The contents of the Elgin warehouse were auctioned from the 17th through the 19th of August, 2021, online. The auction recovered $670,591.96, net of expenses, for the estate.

12. Contemporaneously, the trustee negotiated a reduction in the priority administrative claim of the Elgin Warehouse's landlord, Northwest Logistics Park Portfolio Investors, LLC, providing, generally, that if the Trustee were to quit the Elgin Warehouse premises in "broom-clean" condition, on or before September 10, 2021, that the estate would be entitled to a 75% reduction in that landlord's postpetition administrative claim. The order authorizing the trustee to enter into this settlement was entered by the Court on September 8, 2021, by which time the premises were already "broom-clean."

**The Office Premises**

13. Suzlon Wind Energy Corp. maintained office space in 8750 W. Bryn Mawr Avenue, Chicago, Illinois, part of an office park known as Triangle Plaza.

14. Its base rent, from the petition date to the rejection of its lease, was $23,787.96 per month.

15. The Trustee negotiated a settlement with the Triangle Plaza landlord providing that they would waive their postpetition administrative claim (but retain a security interest in the security deposit and two wind turbine blades that had been pledged as collateral pursuant to an earlier amendment to the lease), and that they would buy the existing furniture in the office premises, for $25,000.00. The order authorizing the Trustee to enter into this settlement was entered by this Court on August 10, 2021.

**Ancillary matters**

16. Additionally, the Trustee's auctioneer has conducted an auction of estate property located at Texas County, Oklahoma and, after payment of fees and expenses, generated a material recovery for the estate.

17. The Trustee is collaborating with professionals from JP Morgan Chase Bank, N.A., concerning the turnover of approximately $50,000 that they are holding, subsequent to the efficient setoff of their (secured) claims.

18. The Trustee has obtained $14,023.19 in unscheduled funds from the Illinois Treasurer's registry of unclaimed funds. The Trustee's counsel has reviewed the Treasurer's webpages of several other states and has ascertained that the estate is entitled to small – and again, unscheduled – recoveries from these other states; the Trustee's counsel has further determined that the Debtor, as of the petition date, was the holder of at least one unscheduled proof of claim in another bankruptcy case, *In re Consolidated Estate of Axis Crane LLC and Metro Machinery Rigging Inc.*, case 19-61549 in the United States Bankruptcy Court for the District of Oregon. The Trustee is undertaking recovery of all such claims.

19. The Debtor's schedules indicate that the Debtor was entitled to receive approximately $450,000.00 (face amount) in receivables, as of the petition date. The Trustee has secured a backup of all of the Debtor's electronic records, and the Trustee's counsel is obtaining access to "SAP," an accounting program used by the Debtor's parent company which will provide an efficient synthesis of these records. The Debtor's statement of financial affairs, furthermore, reflects various significant prepetition transfers of property, which the Trustee intends to recover in compliance with the Bankruptcy Code and other applicable law.

# FEE APPLICATION

**Services performed.**

20. FactorLaw maintains contemporaneous written records of the time expended by its professionals.

21. Such records for the Case, copies of which are grouped and attached hereto as **Exhibit 1**, set forth in detail: (a) the services rendered by FactorLaw (the "*Services*") on behalf of the Trustee, (b) the dates upon which such Services were rendered; (c) the amount of time spent on the Services; and (d) the professionals who performed the Services.

*A. Summary of Services by professional.*

22. FactorLaw spent a total of 167.90 hours at a cost of $55,907.50 in connection with this Case during the Application Period.

23. A breakdown of the professionals providing Services is as follows. (While she was performing the Services referenced in this application, Katherine McDermott was a clerk for FactorLaw; however, she has been sworn-in to the Illinois Bar, and presently serves as an attorney with a new billable rate of $250 per hour.)

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| William J. Factor | Principal | $400 | 3.3 | $1,320.00 |
| Isaiah Fishman | Partner | $375 | 37.8 | $14,175.00 |
| Jeffrey Paulsen | Partner | $400 | 1.4 | $560.00 |
| Justin Storer | Partner | $375 | 97.3 | $36,412.50 |
| Katherine McDermott | Clerk | $150 | 8.7 | $1,305.00 |
| Sam Rodgers | Paralegal | $125 | 7.8 | $975.00 |
| Danielle Ranallo | Legal Asst. | $100 | 11.6 | $1,160.00 |

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| | | Totals: | 167.9 | $55,907.50 |

B. *Itemization of fees by category of Services rendered.*

24. **Case Administration.** FactorLaw spent a total of 18.7 hours at a cost of $6,140.00 on matters relating to case administration.

25. A breakdown of the professionals providing Services in this category is as follows:

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| Justin Storer | Partner | $375 | 15.5 | $5,812.50 |
| Danielle Ranallo | Legal Asst. | $100 | 2.9 | $290 |
| Sam Rodgers | Paralegal | $125 | .3 | $37.50 |
| | | Totals: | 18.7 | $6,140.00 |

26. **Asset Analysis and Recovery.** FactorLaw spent a total of 46.1 hours at a cost of $15,197.50 on matters relating to asset analysis and recovery.

27. A breakdown of the professionals providing Services in this category is as follows:

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| William Factor | Partner | $400 | 1.9 | $760 |
| Jeffrey Paulsen | Partner | $400 | .6 | $240 |
| Isaiah Fishman | Partner | $375 | 12.2 | $4,575 |
| Justin Storer | Partner | $375 | 23 | $8,625 |

{00213067 2}　　10

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| Samuel Rodgers | Paralegal | $125 | 6.3 | $787.50 |
| | | **Totals:** | **46.1** | **$15,197.50** |

28. **Claim Investigation.** FactorLaw spent a total of 8 hours at a cost of $2,945.00 on matters relating to claim investigation.

29. A breakdown of the professionals providing Services in this category is as follows:

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| Justin Storer | Partner | $375 | 7.8 | $2,925 |
| Danielle Ranallo | Legal Asst. | $100 | .2 | $20 |
| | | **Totals:** | **8** | **$2,945.00** |

30. **Asset Disposition.** FactorLaw spent a total of 19.8 hours at a cost of $6,962.50 on matters relating to asset disposition.

31. A breakdown of the professionals providing Services in this category is as follows:

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| William Factor | Principal | $400 | .1 | $40 |
| Justin Storer | Partner | $375 | 17.9 | $6,712.50 |
| Danielle Ranallo | Legal Asst. | $100 | .6 | $60 |
| Samuel Rodgers | Paralegal | $125 | 1.2 | $150 |
| | | **Totals:** | **19.8** | **$6,962.50** |

32. **Fee/Employment Applications.** FactorLaw spent a total of 14 hours at a cost of $4,152.50 on matters relating to fee and employment applications.

33. A breakdown of the professionals providing Services in this category is as follows:

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| William Factor | Partner | $400 | .1 | $40 |
| Isaiah Fishman | Partner | $375 | .2 | $75 |
| Justin Storer | Partner | $375 | 9.7 | $3,637.50 |
| Danielle Ranallo | Legal Asst. | $100 | 4 | $400 |
| | | **Totals:** | **14** | **$4,152.50** |

34. **Avoidance Action Analysis.** FactorLaw spent a total of 8.7 hours at a cost of $1,305.00 on matters relating to the analysis of avoidance actions.

35. A breakdown of the professionals providing Services in this category is as follows:

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| Katherine McDermott | Clerk | $150 | 8.7 | $1,305 |
| | | **Totals:** | **8.7** | **$1,305** |

36. **Assumption/Rejection of Leases and Contracts.** FactorLaw spent a total of 47.1 hours at a cost of $17,260.00 on matters relating to the assumption or rejection of leases and contracts, including the settlement efforts with various parties referenced above.

37. A breakdown of the professionals providing Services in this category is as follows:

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| William Factor | Partner | $400 | 1.2 | $480 |
| Isaiah Fishman | Partner | $375 | 24.1 | $9,037.50 |
| Justin Storer | Partner | $375 | 20.5 | $7,612.50 |
| Danielle Ranallo | Legal Asst. | $100 | 1.3 | $130 |
| | | Totals: | 47.1 | $17,260 |

38. **Claims Administration and Objections.** FactorLaw spent a total of 5.5 hours at a cost of $1,945.00 on matters relating to claims administration and objections.

39. A breakdown of the professionals providing Services in this category is as follows:

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| Jeffrey Paulsen | Partner | $400 | .8 | $320 |
| Isaiah Fishman | Partner | $375 | 1.3 | $487.50 |
| Justin Storer | Partner | $375 | 2.9 | $1,087.50 |
| Danielle Ranallo | Legal Asst. | $100 | .5 | 50 |
| | | Totals: | 5.5 | $1,945.00 |

**Expenses**

40. FactorLaw incurred $3,682.68 in actual and necessary expenses related to this Case. A copy of the expense record is attached hereto as **Exhibit 2**.

{00213067 2}                    13

41. FactorLaw does not bill its clients or seek compensation in this Application for its overhead expenses. The expenses listed above are actual out of pocket costs advanced by FactorLaw.

**FactorLaw's retention was appropriate through the Application Period**

42. During the Application Period, no agreement or understanding exists between FactorLaw and any other person for the sharing of compensation received or to be received in connection with this Case.

43. No compensation has been promised to FactorLaw other than as disclosed or approved by this Court. FactorLaw certifies that there is no agreement between the firm and any other party regarding the sharing of fees except with the firm's partners, nor has the firm discussed or negotiated the amount of its fees with any party except the Trustee.

44. Finally, FactorLaw represents that it is and was through the Application Period a disinterested party and does not hold any relationship adverse to the Estate.

## BASIS FOR THE REQUESTED RELIEF

45. Under Section 330(a)(1)(A), the Court may award a professional person "reasonable compensation for actual, necessary services rendered[.]" 11 U.S.C. § 330(a)(1)(A). Section 330(a) further provides:

> In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—(A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code]; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and (E) whether the compensation is reasonable, based on the customary compensation charged by

> comparably skilled practitioners in cases other than cases under this title.

*Id.* § 330(a)(3).

46. In determining the "extent and value of compensation," the Seventh Circuit endorses the "'lodestar' approach—multiplying the number of actual and necessary hours reasonably expended by a reasonable hourly rate[.]" *In re Wildman*, 72 B.R. 700, 712 (Bankr. N.D. Ill. 1987) (Schmetterer, J.); *accord In re UNR Indus.*, 986 F.2d 207, 210-11 (7th Cir. 1993) (lodestar approach provides fair compensation under Section 330); *see also City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) ("The 'lodestar' figure has, as its name suggests, become the guiding light of our fee-shifting jurisprudence. We have established a 'strong presumption' that the lodestar represents the 'reasonable' fee[.]").

47. The Seventh Circuit has mandated that an "attorney's actual billing rate … is considered to be the presumptive market rate." *Small*, 264 F.3d at 707. Moreover, "[t]he lawyer's regular rate is strongly presumed to be the market rate for his or his services." *Moriarty v. Svec*, 233 F.3d 955, 965 (7th Cir. 2000) (emphasis added), cert. denied, 532 U.S. 1066 (2001).

48. Additionally, under generally accepted standards, if the services of an attorney employed under Section 327 are reasonably likely to benefit the estate, they should be compensable. *See Andrews & Kurth LLP v. Family Snacks, Inc. (In re Pro-Snax Distributors, Inc.)*, 157 F.3d 414, 421 (5th Cir. 1998); *In re Ames Dep't Stores, Inc.*, 76 F.3d 66, 71 (2d Cir. 1996); 2 Lawrence P. King, Collier on Bankruptcy ¶ 330.04 at 330-43 (15th ed. rev. 1999); *cf.* 11 U.S.C. § 330(a)(4)(A)(ii)(I). In this same context, "[n]ecessary services are those that aid the professional's client in fulfilling its duties under the Code." *In re Ben Franklin Retail Store, Inc.*, 227 B.R. 268, 270 (Bankr. N.D. Ill. 1998) (Barliant, J.).

49. The average hourly billing rate for the professionals who performed the Services at the time they were performed—that is, the

"lodestar" rate— is $287.50. This average rate is fair and reasonable in light of the services provided and the experience of FactorLaw's professionals. Moreover, the compensation requested by the FactorLaw is reasonable based upon the customary compensation charged by comparably skilled practitioners in either non-bankruptcy or bankruptcy cases.

## NOTICE AND NO PRIOR REQUEST

50. Pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure, twenty-one days' notice of this motion has been given to: (i) the Office of the United States Trustee; (ii) the Debtor; (iii) the Debtor's counsel; (iv) all scheduled creditors; and (v) any person that has requested notice in the case or that receives notices through the ECF System with respect to the Case.

51. No previous fee applications have been submitted by FactorLaw and FactorLaw has not received any funds prior to this fee application to compensate it for its services to the Estate. This is thus FactorLaw's first interim fee application.

## CONCLUSION

**WHEREFORE**, FactorLaw respectfully requests that this Court enter an Order:

A. Allowing FactorLaw compensation for actual, necessary legal services in the amount of **$55,907.50**;

B. Authorizing reimbursement of FactorLaw for actual and necessary expenses in the amount of **$3,682.68**;

C. Authorizing the Trustee to pay FactorLaw the allowed compensation and reimbursement of expenses in the total amount of **$59,590.18**; and

D. Granting such other relief as the Court deems just and equitable.

| | |
|---|---|
| Dated: May 18, 2022 | **FactorLaw** |
| | By: */s/ Justin R. Storer* |
| | One of Its attorneys |

William J. Factor (6205675)
Ariane Holtschlag (6294327)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel:     (312) 373-7226
Fax:    (847) 574-8233
Email:  jstorer@wfactorlaw.com