## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| **Suzlon Wind Energy Corp**, | Bankruptcy No. 21-07923 |
| Debtor. | Honorable Jacqueline P. Cox |

## NOTICE OF HEARING

TO: See attached list

PLEASE TAKE NOTICE that on Tuesday, August 16, 2022, at 1:00 p.m., I will appear before the Honorable Jacqueline P. Cox, or any judge sitting in that judge's place, and present the Objection of the Chapter 7 Trustee to Claim 44-1 of JPMorgan Chase Bank, N.A., a copy of which is attached.

**This objection will be presented and heard electronically using Zoom for Government**. No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

**To appear by video**, use this link: https://www.zoomgov.com/. Then enter the meeting ID and password.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828- 7666. Then enter the meeting ID and password.

**Meeting ID and password**. The meeting ID for this hearing is 161 165 5696 and the password is 7490911. The meeting ID and password can also be found on the judge's page on the court's web site.

If you object to this motion and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a he0aring.

Dated: July 13, 2022

**Ariane Holtschlag,** not individually but as the chapter 7 trustee of the bankruptcy estate of Suzlon Wind Energy Corp,

By: _/s/ Justin Storer_
One of Her Attorneys

Justin R. Storer (6293889)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel:      (312) 373-7226
Fax:      (847) 574-8233
Email:  jstorer@wfactorlaw.com

## CERTIFICATE OF SERVICE

I, Justin R. Storer, an attorney, hereby certify that on July 13, 2022, pursuant to Section II.B.4 of the Administrative Procedures for the Case Management/Electronic Case Filing System and Fed.R.Civ.P. 5(a), I caused a copy of the foregoing *Notice of Objection* and the accompanying *Objection* to be served electronically through the Court's Electronic Notice for Registrants on all persons identified as Registrants on the below Service List and by US Mail on all persons identified as Non-Registrants on the attached Service List.

/s/ Justin R. Storer

## SERVICE LIST

**Registrants in the Case**
(Service via ECF)

| | |
|---|---|
| **Kenneth W Bach** | kennethb@johnsonblumberg.com |
| **Roger S Cox** | roger.cox@uwlaw.com |
| **Timothy R Herman** | therman@clarkhill.com |
| **Ariane Holtschlag** | aholtschlag@wfactorlaw.com |
| **Nicholas W Laird** | nick.laird@bfkn.com |
| **Gerald B. Lurie** | glurie@chenlaw-firm.com |
| **Nathan Q. Rugg** | Nathan.Rugg@bfkn.com |
| **David J Schwab** | djschwab@rsslawoffices.com |
| **Gregory K Stern** | greg@gregstern.com |

**Non-registrants in the Case**
(Service via first-class mail)

**JPMorgan Chase Bank, N.A.**
Attn: Matthew Brennan
10 S. Dearborn, Floor 35
Mail Code IL1-1210
Chicago, IL 60603-2300

{00222457}

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| **Suzlon Wind Energy Corp**, | Bankruptcy No. 21-07923 |
| Debtor. | Honorable Jacqueline P. Cox |
| 105 W. Madison St., Suite 1500 | |
| Chicago, IL 60602 | |
| EIN: 33-0985105 | |

## NOTICE TO JPMORGAN CHASE BANK, N.A., PURSUANT TO FEDERAL BANKRUPTCY RULES 3007 AND 9009

Ariane Holtschlag, not individually but as chapter 7 Trustee for the estate of Suzlon Wind Energy Corp, has filed an objection to your claim in this bankruptcy case.

**<u>Your claim may be reduced, modified, or eliminated.</u> You should read these papers carefully and discuss them with your attorney, if you have one.**

If you do not want the court to eliminate or change your claim, then on or before August 13, 2022, you or your lawyer must file with the Court a written response to the objection, at

Clerk, United States Bankruptcy Court
219 S. Dearborn, 7th Floor
Chicago, IL 60602

If you mail your response to the court for filing, you must mail it early enough so that the court will **receive** it on or before the date stated above.

You must also send a copy to

{00217624 4}

Justin R. Storer
105 W. Madison St., Suite 1500
Chicago, IL 60602

Attend the hearing on the objection, scheduled to be held on August 16, 2022, at 1:00 p.m. via zoomgov.com.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the objection to your claim.

Dated: July 13, 2022

**Ariane Holtschlag,** not individually but as the chapter 7 trustee of the bankruptcy estate of Suzlon Wind Energy Corp,

By: */s/ Justin Storer*
One of Her Attorneys

Justin R. Storer (6293889)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel:     (312) 373-7226
Fax:    (847) 574-8233
Email:  jstorer@wfactorlaw.com

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| **Suzlon Wind Energy Corp**, | Bankruptcy No. 21-07923 |
| Debtor. | Honorable Jacqueline P. Cox |

## TRUSTEE'S OBJECTION TO CLAIM 44-1 OF JPMORGAN CHASE BANK, N.A.

Ariane Holtschlag, not individually, but solely in her capacity as the chapter 7 trustee (the "***Trustee***") of the bankruptcy estate of Suzlon Wind Energy Corp (the "***Debtor***"), pursuant to 11 U.S.C. § 502 and Rule 3007 of the Federal Rules of Bankruptcy Procedure, objects to the claim 44-1 of JPMorgan Chase Bank, N.A. ("***JPM***").

Pursuant to an earlier order approving settlement between the Trustee and JPM, the Trustee was allowed to object to the claims of JPM. Claim 44-1, for a corporate credit card, is being satisfied by the application of collateral security in two depository accounts; claim 45-1 was the value of a claim for an irrevocable letter of credit, that has been terminated.

### JURISDICTION

1.     This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334, and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois.

2.     Venue of the above-captioned case (the "***Case***") and of this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b).

## BACKGROUND AND DISCUSSION

4.    On June 29, 2021 (the "***Petition Date***"), the Debtor filed a voluntary petition for relief under Chapter 7 of title 11, United States Code (11 U.S.C. §§ 101, et seq.), in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division.

5.    The Trustee was appointed as the interim trustee in the Case pursuant 11 U.S.C. § 701 and now serves as the permanent trustee in the Case. The Trustee is duly qualified and has all the powers of a trustee under, among other provisions, 11 U.S.C. § 704.

6.    On October 19, 2021, JPM filed their claims 44-1 and 45-1 in this Case. The first of these claims is attached hereto as **Exhibit A**.

7.    On June 10, 2022, the Trustee filed a motion seeking authority to settle various matters with JPM. This motion was granted on July 5, 2022 (see dkt. 90 in the Case).

8.    The settlement agreement, in brief, provided that JPM was allowed to satisfy the balance owed for claim 44-1 by application of funds in a depository account.

9.    One aspect of the settlement agreement provided that, "[w]ithin 14 days following entry of the Order, the Trustee shall file objections to the JPM POC's, submitting orders that provide for disallowance of those claims, with prejudice."

## BASES FOR RELIEF REQUESTED AND NOTICE

10.    Pursuant to 11 U.S.C. 502(b)(1), a claim is allowed, except when objection to a claim is made, the claim shall be allowed only to the extent that such claim is unenforceable against the Debtor and property of the Debtor, under any agreement or applicable law.

11.    The Claim is unenforceable against the Debtor because it has been satisfied.

12.    Pursuant to Rule 3007(a)(1), an objection to the allowance of a claim and a notice of objection that substantially conforms to the appropriate official form shall be filed and served at least 30 days before any scheduled hearing on the objection or any deadline for the claimant to request a hearing. Trustee submits that this requirement has been satisfied.

**WHEREFORE**, the Trustee respectfully requests that the Court enter an order sustaining the Trustee's objection to Claim No. 44-1, and enter such other relief as this Court may deem just and proper.

Dated: July 13, 2022                              Respectfully submitted,

**Ariane Holtschlag,** not individually but as the chapter 7 trustee of the bankruptcy estate of Suzlon Wind Energy Corp.,

By: */s/ Justin R. Storer*
One of Her Attorneys

Justin R. Storer (6293889)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel:     (312) 373-7226
Fax:     (847) 574-8233
Email:  jstorer@wfactorlaw.com

{00217624 4}